23-7609-cr
United States v. Balouchzehi

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-four.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.

No. 23-7609-cr

MALEK MOHAMMAD BALOUCHZEHI, AKA MALEK KHAN, AKA SEALED DEFENDANT 1,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLEE: KAYLAN E. LASKY, Assistant United States Attorney (Elinor Tarlow, James Ligtenberg, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

FOR DEFENDANT-APPELLANT: COHL K. LOVE (Marc Greenwald, Courtney C. Whang, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Malek Mohammad Balouchzehi appeals from a judgment of conviction entered on October 25, 2023, in the United States District Court for the Southern District of New York (Furman, *J.*), after a jury trial at which he was found guilty of one count of conspiracy to import one kilogram or more of heroin into the United States, in violation of 21 U.S.C. §§ 952, 959, 960, and 963, and one count of distribution of one kilogram or more of heroin for importation into the United States, in violation of 21 U.S.C. §§ 952, 959, 960, and

2

963. The District Court sentenced Balouchzehi principally to 240 months' imprisonment to be followed by five years of supervised release. On appeal, Balouchzehi raises several challenges to his conviction and sentence, which we address in turn. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Confrontation Clause Challenge

Balouchzehi raises a Confrontation Clause challenge to the District Court's decision to admit a digital report of the contents of Balouchzehi's cellphone without the testimony of the analyst who extracted the phone's contents and generated the report. Balouchzehi argues that he had the constitutional right to cross-examine the analyst who performed the extraction. The parties dispute whether the Confrontation Clause challenge was properly preserved. But even assuming that the challenge was preserved, we need not resolve whether the cellphone extraction report was the "functional equivalent" of live, in-court testimony, *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009) (quotation marks omitted), or otherwise testimonial, *see Smith v. Arizona*, 602 U.S. 779 (2024), such that its admission violated the Confrontation Clause. We conclude instead

3

that any alleged error was harmless. As the District Court observed, the evidence of Balouchzehi's guilt was "overwhelming," App'x 1118, including as it did the testimony of an undercover special agent and confidential source whose personal communications with Balouchzehi over the span of two years culminated in negotiating the terms of importing literally ton-quantities of heroin into the United States, surreptitious video and audio recordings made by those witnesses corroborating their accounts of Balouchzehi's statements, and the actual delivery by courier (who reported having worked for Balouchzehi for a long time) of a two-kilogram "sample" of heroin promised by Balouchzehi, after Balouchzehi first arranged for one attempted transfer of the sample (at which the courier balked because he did not want to deal with a foreigner) and then for a second, successful attempt after advising the agent and informant that the courier preferred to deal with a local intermediary.

## II. Authentication Challenge

Balouchzehi also contends that, in the absence of testimony from the analyst who performed the cellphone extraction, the Government failed to properly authenticate the report and accompanying exhibits under Federal Rule of Evidence 901. We review the District Court's admission of the report on the

4

ground that it was authentic for abuse of discretion.  *United States v. Vayner*, 769 F.3d 125, 129 (2d Cir. 2014).

"Rule 901 does not erect a particularly high hurdle" to the admission of evidence.  *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) (quotation marks omitted).  An item is properly authenticated under Rule 901 if its proponent produces "evidence sufficient to support a finding that the item is what the proponent claims it is," such as the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances."  Fed. R. Evid. 901(a), (b)(4).  "Rule 901's requirements are satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification."  *United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004) (quotation marks omitted).

The Government laid a sufficient foundation to authenticate the report. First, Habibullah Khan, a special agent of the Drug Enforcement Administration ("DEA"), and Abdullah Qandari, a confidential source, both testified that they observed Balouchzehi using a Samsung phone during their meetings with him, and Qandari testified that the Samsung phone was still in Balouchzehi's possession when he was arrested.  Khan testified that he received Balouchzehi's

Samsung phone from the arresting officers and provided it to Enrique Santos, an investigative analyst for the United States Attorney's Office. Next, Santos testified that he sent the phone to the DEA for data extraction. He further testified that the data in the report he received from the DEA did not appear to be altered or manipulated in any way and that the make and model of Balouchzehi's Samsung phone matched the make and model listed in the report. In addition, the videos of narcotics that Khan testified that Balouchzehi showed him on Balouchzehi's phone were the same videos contained in the report. Finally, the report also contained photographs that, Khan testified, showed Balouchzehi, as well as photographs that depicted Balouchzehi's family fishing business, which Balouchzehi had explained to Khan and Qandari was used as a cover for the export of illegal narcotics.

This evidence was sufficient to show that the phone belonged to Balouchzehi and that the extraction report and accompanying exhibits were derived from the contents of Balouchzehi's phone. Balouchzehi's arguments regarding breaks in the chain of custody "do not bear upon the admissibility of evidence, only the weight of the evidence, and therefore do not provide us any basis for reversal." *United States v. Morrison*, 153 F.3d 34, 57 (2d Cir. 1998).

### III. Lay Witness Testimony

Balouchzehi next contends that the District Court erred by allowing lay witnesses to testify as experts, in violation of Rule 701 of the Federal Rules of Evidence. We review the decision to admit lay opinion testimony for abuse of discretion. *United States v. Tsekhanovich*, 507 F.3d 127, 129 (2d Cir. 2007).

Balouchzehi argues that the District Court improperly admitted Khan and Qandari's testimony because the testimony lacked an objective factual basis, did not help the jury understand the evidence, and was based on specialized knowledge. We are not persuaded. To start, Khan and Qandari offered testimony on their own multi-year undercover communications with Balouchzehi, including interpreting coded narcotics terminology used by Balouchzehi in recorded discussions and chats with them. Khan and Qandari's interpretations were based on their first-hand knowledge acquired through their extensive personal interactions with Balouchzehi. *See United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992). Next, Khan and Qandari "provide[d] insight into coded language through [their] testimony." *United States v. Yannotti*, 541 F.3d 112, 126 (2d Cir. 2008). Finally, the testimony was not the product of specialized knowledge because it was based on the witnesses' personal participation in the

7

investigation of Balouchzehi.   *United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007).   This was not a case in which the government witnesses were relying on their expertise and training to interpret coded conversations between alleged narcotics dealers whom they had never met.   *Cf. United States v. Garcia*, 413 F.3d 201, 216–17 (2d Cir. 2005).

Accordingly, we see no abuse of discretion.

## IV.   Leadership Enhancement

Finally, Balouchzehi contends that the District Court erred in applying a leadership enhancement at sentencing under Section 3B1.1 of the United States Sentencing Guidelines.   Reviewing the District Court's factual findings for clear error and its conclusion that those findings support the sentencing enhancement *de novo*, *United States v. Si Lu Tian*, 339 F.3d 143, 156 (2d Cir. 2003), we affirm the sentence as imposed.

Section 3B1.1 provides for a sentencing enhancement for a defendant who is "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."   U.S.S.G. § 3B1.1(a).   Balouchzehi argues that the District Court failed to make the requisite factual findings to justify the enhancement and that the facts do not support the conclusion that he

was an organizer or leader of a criminal activity.   We disagree.   The District Court satisfied its obligation to make specific findings by explicitly adopting the presentence report.   *See United States v. Molina*, 356 F.3d 269, 275–76 (2d Cir. 2004).   The report details Balouchzehi's decision-making authority and management of several workers in an international drug trafficking operation.   Based on these factual findings, the District Court correctly determined that Balouchzehi "exercise[d] some degree of control over others involved in the commission of the offense . . . or play[ed] a significant role in the decision to recruit or to supervise lower-level participants."   *United States v. Payne*, 63 F.3d 1200, 1212 (2d Cir. 1995) (quotation marks omitted).

## CONCLUSION

We have considered Balouchzehi's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9